IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-2227-D

DANIEL BOICE, by and through his )
next friend MARGARET BOICE, )
 )
Petitioner, )
 )
v. ) **ORDER**
 )
WARDEN MCRAE, et al., )
 )
Respondents. )

On October 22, 2025, Margaret Boice filed a "Next Friend Petition for Writ of Habeas Corpus and Mandamus" on behalf of her son, Daniel Boice, a federal inmate. See [D.E. 1] 1. The petition seeks "[i]mmediate medical transfer for evaluation and treatment at Duke University Hospital or equivalent" for Daniel Boice, and a "[f]ull recalculation" of his sentence under the First Step Act. Id. at 2. The petition also contends that Daniel Boice's inadequate medical treatment and detention beyond a recalculated sentence violate the Fifth and Eighth Amendments, and that the Bureau of Prisons has "[f]ail[ed] to perform the nondiscretionary duties of proper credit application and medical care." Id. Daniel Boice did not sign the petition. See id. Margaret Boice alleges that his "isolation in the SHU and serious medical condition render him unable to petition personally." Id. at 1.

The court lacks jurisdiction over the petition. Margaret Boice does not have standing to litigate on behalf of Daniel Boice because she has failed to plausibly demonstrate that he is incapable of litigating on his own behalf. See Whitmore v. Arkansas, 495 U.S. 149, 166 (1990); cf. United States v. Boice, No. 1:20-CR-167, 2025 WL 2076452, at *3 (E.D. Va. June 23, 2025)

(unpublished). And "individuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law." Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978); see Bush ex rel. Bush v. Goodall, 732 F. App'x 135, 137 (3d Cir. 2018) (per curiam) (unpublished); Pittman v. Sheriff of Gaston Cnty., No. 3:25-CV-369, 2025 WL 2779163, at *3 (W.D.N.C. Sept. 29, 2025) (unpublished); Sirieaf ex rel. Sirleaf v. Maryland, No. CV 18-393, 2018 WL 10561913, at *1 (D. Md. Apr. 30, 2018) (unpublished); cf. Davis v. Scott, 176 F.3d 805, 807–08 (4th Cir. 1999). Accordingly, the court dismisses the petition without prejudice.

In sum, the court DISMISSES WITHOUT PREJUDICE the action. The clerk shall close the case.

SO ORDERED. This 6 day of February, 2026.

JAMES C. DEVER III
United States District Judge